UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| F. DANIEL YSALVA,           )<br>                             )<br>         Plaintiff,          )<br>                             )<br>     vs.                     )<br>                             )<br>WORLD SAVINGS BANK, FSB et al., )<br>                             )<br>         Defendants.         )<br>_____) | 3:11-cv-00363-RCJ-VPC<br><br>**ORDER** |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court are two motions to dismiss and a motion to expunge the lis pendens. For the reasons given herein, the Court grants the motions to dismiss in part, denies them in part, and denies the motion to expunge the lis pendens.

**I.      THE PROPERTY**

Defendants did not provide foreclosure documents along with the first motion to dismiss. The Carson City Recorder's website contains foreclosure documents, but it is sometimes unclear which documents apply to which properties, as Plaintiff has bought and defaulted on several properties in recent years, and the history of the properties is confusing. Defendants now adduce

some relevant foreclosure documents.

Plaintiff F. Daniel Yslava gave World Savings Bank, FSB ("WSB") a $230,000 promissory note and deed of trust ("DOT") to secure property located at 2652 Fieldcrest Dr., Carson City, NV 89701 (the "Property"). (DOT 1–2, Apr. 7, 2006, ECF No. 19-1). The DOT contains an uncommon self-limiting provision. It secures the principal amount of $230,000 plus interest; however, in no case does it secure more than 125% of the original principal amount, or $287,500. (*See id.* 1–2). The trustee is Golden West Savings Association Service Co. ("Golden West"), (*see id.* 2), and Mortgage Electronic Registration Systems, Inc. ("MERS") is not mentioned in the DOT, (*see generally id.*). National Default Servicing Corp. ("NDSC") filed a notice of default ("NOD") on July 30, 2010 based on a default of $9252.79 as of that date. (*See* NOD, July 30, 2010, ECF No. 19-5).

**II.     ANALYSIS**

There appears to be a statutory defect in foreclosure under section 107.080(2)(c). NDSC foreclosed without having been substituted as trustee. At oral argument, Defendants argued that the Court should accept NDSC's own statement on the NOD that it was acting as the agent of the beneficiary, because if this argument is rejected then even the signature of the beneficiary's own officers would not be sufficient, because such officers are as a matter of law agents of the beneficiary, which in almost all cases is a corporate entity that may only act through its agents. After some further research, it appears that both Defendants and the Court are correct, and the Court has not changed its view of the present case as a result.

The issue is whether NDSC was in fact the agent of the beneficiary when NDSC filed the NOD. Plaintiff has alleged NDSC was not the beneficiary's agent, and that allegation is sufficient to state a claim for statutorily defective foreclosure, unless the public records of which the Court may take judicial notice indicate that the allegation is not true. In some cases, the

public records do disprove such allegations. But that is not the case here.

As Defendants noted, apparent authority cannot be created by a purported agent alone, including a corporate officer, unless the actions of the board of directors would lead a reasonable person to believe that the officer had been invested with such authority by the board. *See* Restatement (Third) of Agency § 3.03 cmt. e. But the possibility that a corporate officer might in an appropriate case have to respond to a plaintiff's allegation that he is not in fact a corporate officer does not mean that NDSC does not need to respond to the similar allegation in this case. If anything, the Restatement indicates that even a corporate officer's own claim of agency is not alone sufficient to create apparent authority without some manifestation by the principal (the board of directors, in the case of corporate officers) if a plaintiff can dispute the officer's authority in good faith. *See id.* § 3.03 & cmt. e. So Defendants' argument that under the Court's reasoning the president of a bank's signature would not be sufficient on a notice of default is in fact partially correct. If a plaintiff made a good-faith allegation that the notice-of-default signatory was not in fact a duly appointed officer of the bank, then dismissal would be inappropriate despite the purported officer's signature on a public document. *See id.*[1]

Furthermore, the recent amendment to section 107.080, which goes into effect four days from today, indicates that the public policy of the State of Nevada is to require proof of all assignments of interest and substitutions of trustees with respect to residential nonjudicial foreclosures, and it is very unlikely the Nevada Supreme Court would adopt Defendants' arguments with respect to the law of agency and take a purported trustee's bare assertion of agency as sufficient in the present context. The Court therefore grants the motion to dismiss

---

[1] Of course, whether the purported agent is an outside agent or a corporate officer, a plaintiff disputing the agent's authority must make such a claim in good faith, under pain of Rule 11 sanctions.

against most of the affirmative claims under the respective statutes of limitations, and for other reasons given in substantially identical cases, but denies the motion as to the claims for statutorily defective foreclosure, quiet title, and abuse of process.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 7, 17) are GRANTED in part and DENIED in part. All claims are dismissed except those for statutorily defective foreclosure, quiet title, and abuse of process.

IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of October, 2011. .

_____
ROBERT C. JONES
United States District Judge